UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 14-CR-0188-CVE |
| MAHCOE JAMAR KNAPPER, | ) ) ) |
| Defendant. | ) |

## OPINION AND ORDER

Now before the Court is defendant's unopposed motion to continue jury trial (Dkt. # 20). Defendant requests a 45-day continuance of the jury trial currently set for February 18, 2015, and the government does not oppose defendant's motion. Dkt. # 20, at 1. Defendant has executed a speedy trial waiver (Dkt. # 22).

Defendant's request for a continuance falls under § 3161(h)(7)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends-of-justice continuance and make findings that a continuance is in the best interest of the defendant and the public. Id. The statute permits a court to consider whether "the failure to grant such a continuance . . . would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. at § 3161(h)(7)(B)(iv). The Tenth Circuit has been clear that an ends-of-justice continuance should not

be granted "cavalierly" and it was intended to be a "rarely used tool." United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends-of-justice continuance can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." Id. at 1271. This requires the parties to provide extensive and specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. Id. at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. Id. at 1273.

The Court finds that an ends of justice continuance is appropriate under the circumstances. Defendant was scheduled to appear before this Court for a change of plea hearing on February 6, 2015 at 9:30 a.m.; when defendant did not appear, a bench warrant was issued for his arrest. Dkt. # 11. Defendant was arrested and brought before the Court later that afternoon. Dkt. # 11. At that hearing, the Court and counsel for both parties expressed concerned with defendant's demeanor and responses to questions. Defendant was brought before a magistrate judge for review of the conditions of release; the magistrate judge released defendant, but required that he be taken for a mental health evaluation that day, and that he return the next business day. Dkt. # 15; see also Dkt. # 20, at 2. Based on the mental health evaluation and a concern regarding the use of illegal drugs, the magistrate judge ordered that defendant be placed in a dual diagnosis program, which can provide both mental health and drug treatment, as a condition of release. Dkt. # 17; see also Dkt. #

20, at 2. Defendant has been in treatment since that time. Dkt. # 2, at 2. Defense counsel states that, even if defendant is improved by his treatment, additional time will be needed to discuss the case with defendant and prepare either for trial or a change of plea. Dkt. # 20, at 3. Based on these representations and the Court's own interactions with defendant, the Court finds that, even though this case is not complex, strict compliance with the Speedy Trial Act's 70-day deadline would subvert the public's interest in a fair trial of this case. While the public has a strong interest in a speedy trial of all criminal cases, this interest must be balanced against the need to ensure that defense counsel has reasonable time to prepare for trial with a client able to assist in his defense. Here, the need to provide defense counsel adequate time to prepare for trial with defendant's assistance outweighs the public's interest in a speedy trial.

**IT IS THEREFORE ORDERED** that defendant's motion to continue jury trial (Dkt. # 20) is **granted**. The pretrial conference set for February 17, 2015 and the jury trial set for February 18, 2015 at 9:30 a.m. are **stricken**.

**IT IS FURTHER ORDERED** that the scheduling order is amended as follows:

| | |
|---|---|
| Motions due: | March 9, 2015 |
| Responses due: | March 23, 2015 |
| **PT/CP/Motions Hearing:** | **March 30, 2015 at 9:30 a.m.** |
| Voir dire, jury instructions, and trial briefs due: | April 6, 2015 |
| **Jury Trial:** | **April 13, 2015 at 9:15 a.m.** |

**IT IS FURTHER ORDERED** that the time between February 18, 2015 and April 13, 2015 is excludable pursuant to 18 U.S.C. § 3161(h)(7).

**DATED** this 13th day of February, 2015.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE